UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRENCH SHORING SERVICES,

        Plaintiff,

vs.                              Case No.  3:06-cv-632-J-33MCR

PETER SUCKOW,

        Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Strike Plaintiff's Claim

for Attorney's Fees (Doc. 4) filed July 11, 2006.  Plaintiff filed its response on July 28,

2006 (Doc. 8).  Accordingly, the matter is ripe for judicial review.

     Plaintiff filed its Complaint on March 23, 2006, in the Circuit Court of the Fourth

Judicial Circuit in and for Duval County, Florida.  Defendant served its Answer,

Affirmative Defenses and Counterclaim on June 21, 2006.  Defendant's Counterclaim

raised a federal question and thus, Plaintiff removed this action to this Court on July 11,

2006.  Defendant's Motion to Strike, although originally filed in state court, is now before

this Court.

     Rule 12(f) establishes the Court may strike "from any pleading any insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ.

P. 12(f).  Thus, under Rule 12(f), a claim for attorney's fees may be stricken if it is

immaterial or impertinent, however, "'[a] motion to strike is a drastic remedy' which is

disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia County, 306 F.2d 862, 868 (5th Cir. 1962) and Poston v. Am. President Lines Ltd., 452 F. Supp. 568, 570 (S.D. Fla. 1978)).  "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp., No. 97-2866-CIV-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999).

Defendant argues the claim for attorney's fees should be stricken because the Complaint does not allege any statutory or contractual basis for asserting a claim for attorney's fees.  Plaintiff responds it specifically pled, in paragraph 36 of its Complaint, that it is entitled to attorney's fees pursuant to Florida's Uniform Trade Secrets Act, Ch. 688 of the Florida Statutes.[1]   A review of Plaintiff's Complaint reveals Plaintiff did reference Florida's Uniform Trade Secrets Act in asserting its entitlement to attorney's fees.

Florida's Uniform Trade Secrets Act provides:

If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorney's fees to the prevailing party.

---

[1]Plaintiff also argues Defendant's Motion to Strike should be denied because Defendant failed to file a supporting memorandum or brief as required by Local Rules 3.01(a) and 4.02(c). While Plaintiff is correct that Defendant did not comply with these Local Rules, the Court elects to decide this motion on the merits.  The parties should take note, however, that in the future, failure to adhere to the Local Rules may cause the filed document to be stricken or returned.

Fla. Stat. § 688.05.  Thus, pursuant to Florida's Uniform Trade Secret Act, a Court has

discretion to award reasonable attorney's fees to Plaintiff upon the occurrence of two

factors -- if Plaintiff prevails at trial, and if so, if the fact finder determines Defendant's

misappropriation was made with willful and malicious intent.  As such, the Court finds

Plaintiff's claim for attorney's fees is properly pled and should not be stricken.

     After due consideration, it is

     **ORDERED**:

     Defendant's Motion to Strike Plaintiff's Claim for Attorney's Fees (Doc. 4) is

**DENIED**.


     **DONE AND ORDERED** in Chambers in Jacksonville, Florida this  24th  day of

August, 2006.


*Monte C. Richardson*

     MONTE C. RICHARDSON
     UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party